IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEIN RAY LLP, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:25-cv-6756 |
| FIVE STAR RESORT OWNER, LLC, FSPV RES C, LLC, FIVE STAR DEVELOPMENT RESORT COMMUNITIES, LLC, FIVE STAR LAND OWNER, LLC, RCPVAZ, LLC, and F-STAR DEVELOPMENT L.P., | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Stein Ray LLP ("Stein Ray"), by and through the undersigned counsel, brings this action against Defendants Five Star Resort Owner, LLC, FSPV RES C, LLC, Five Star Development Resort Communities, LLC, Five Star Land Owner, LLC, RCPVAZ, LLC and F-Star Development LP (collectively, "Five Star") and hereby alleges as follows:

## NATURE OF ACTION

1. This case involves the failure of Five Star to pay legal counsel (Stein Ray) for legal services provided relating to projects located in Scottsdale and Paradise Valley, Arizona known as the Ritz Carlton Hotel/Casitas Project and Ritz Carlton Villas Project (hereinafter the "Project").

2. Five Star retained Stein Ray to represent Five Star in connection with various legal issues and disputes relating to the Project. Five Star and Stein Ray entered into an agreement governing Stein Ray's legal work on behalf of Five Star.

3. Over the next four-plus years, pursuant to the parties' agreement, Stein Ray provided extensive legal work and services on behalf of Five Star. As the parties agreed, Stein

Ray invoiced Five Star monthly for legal fees and expenses, which Five Star agreed it would pay within thirty days of receipt. Over the course of time, Five Star paid Stein Ray's invoices.

4. But Five Star has now failed to pay Stein Ray's invoice in an amount in excess of $700,000. After months of discussions and attempts to receive the payments owed, Stein Ray has been left with no choice but to file this action to recover the amounts Five Star owes.

## THE PARTIES

5. Stein Ray is an Illinois limited liability partnership with offices at 222 West Adams Street, Suite 1800, Chicago, Illinois. All of the partners of Stein Ray are lawyers and citizens of Illinois.

6. Five Star Owner LLC is a Delaware limited liability company, whose sole member is Five Star Resort Mezz, LLC, a Delaware limited liability company. For purposes of jurisdiction, neither Five Star Resort Mezz, LLC nor its members or other relevant entities/individuals for jurisdictional purposes are citizens of Illinois. Upon information and belief, all such entities and individuals are not citizens of Illinois, but citizens of Arizona or Delaware.

7. FSPV RES C, LLC is a Delaware limited liability company, whose members, upon information and belief, are not citizens of Illinois, but citizens of Arizona or Delaware.

8. Five Star Development Resort Communities, LLC, is an Arizona limited liability company, whose sole member is Five Star Development Properties, LLC, an Arizona limited liability company, whose sole members are Gerald C. Ayoub and Claudia S. Ayoub, who are both citizens of Arizona. Accordingly, for jurisdiction purposes Five Star Development Resort Communities, LLC is not a citizen of Illinois, but a citizen of Arizona.

9. Five Star Land Owner, LLC is a Delaware limited liability company whose sole member is Five Star Resort Mezz, LLC, a Delaware limited liability company. For purposes of

2

jurisdiction, neither Five Star Resort Mezz, LLC nor its members or other relevant entities/individuals for jurisdictional purposes are citizens of Illinois. Upon information and belief, all such entities and individuals are not citizens of Illinois, but citizens of Arizona or Delaware.

10. RCPVAZ, LLC is an Arizona limited liability company, whose members are F-Star Properties, Inc., a Texas corporation with a principal place of business in Texas, and Gerald C. Ayoub, a citizen of Arizona. Accordingly, for jurisdiction purposes RCPVAZ, LLC is not a citizen of Illinois, but a citizen of Texas and Arizona.

11. F-Star Development is a Texas limited partnership. Upon information and belief, the sole partner of F-Star Development is F-Star Management, L.L.C., a Texas limited liability company. For purposes of jurisdiction, neither F-Star Management, L.L.C. nor its members or other relevant entities/individuals for jurisdictional purposes are citizens of Illinois. Upon information and belief, all such entities and individuals are not citizens Illinois, but citizens of Texas, Arizona, or Delaware.

## JURISDICTION

12. The jurisdiction of this Court is based on diversity of citizenship under 28 U.S.C. § 1332.

13. The matter in controversy exceeds the sum of seventy-five thousand dollars, exclusive of interest and costs.

## VENUE

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events and omission giving rise to Stein Ray's claim occurred in Illinois, Five Star communicated with Stein Ray in Illinois both to retain the firm and during the course of Stein

Ray's work relating to the Project, and a significant percentage of Stein Ray's legal work was performed within Illinois.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

15. The Project began in and around early 2017 with Five Star retaining design professionals and construction began in early 2019.

16. Over the months that followed, Five Star began having issues with the Project's construction manager, subcontractors, and others working on the Project.

17. For assistance with these issues, Five Star reached out to Stein Ray, a well-known Chicago-based law firm specializing in construction law. Stein Ray represents clients in U.S. and international venues in connection with construction projects everywhere in the world.

18. Under Five Star's agreement to retain Stein Ray, Stein Ray would represent Five Star in connection with matters relating to the Project in exchange for Five Star agreeing to pay an hourly rate (subject to annual increases) for each Stein Ray attorney's legal work and to pay out-of-pocket expenses incurred during the course of Stein Ray's work.

19. Over the months that followed, Stein Ray provided Five Star with legal advice and work relating to a myriad of issues on the Project, including but not limited to representing Five Star in multiple different lawsuits in state and federal courts, including but not limited to:

- *Aria Builders LLC v. Red Mountain Commercial LLC, et al.*, No. CV2025-009441 (Sup. Ct. Maricopa Cty., Ariz.);

- *Five Star Resort Owner, LLC v. F Roberts Construction Inc.*, No. CV2024-032366 (Sup. Ct. Maricopa Cty., Ariz.);

- *Five Star Development Resort Communities LLC v. NDesign Inc., et al.*, No. 2:24-cv-00483-MTL (D. Ariz);

- *Five Star Resort Owner, LLC v. Goodall Wood Creations, LLC*, No. CV2021-019391 (Sup. Ct. Maricopa Cty., Ariz.);

4

- *Five Star Resort Owner, LLC v. Layton Construction Company, et al.*, Nos. CV2021-006033, 006203, 004612 (consol.) (Sup. Ct. Maricopa Cty., Ariz.);

- *Five Star Resort Owner, LLC v. PWI SLC, LLC, et al*, No. CV2021-017565 (Sup. Ct. Maricopa Cty., Ariz.); and

- *Jack B. Henderson Constr. Co. v. Five Star Resort Owner, LLC*, *et al.*, No. CV2023-011112 (Sup. Ct. Maricopa Cty., Ariz.)

20. Over the months, Five Star and Stein Ray agreed, for billing purposes, to have Stein Ray invoice Five Star separately on different matters, i.e., sub-parts of the legal work and services Stein Ray provided Five Star on the Project.

21. Each month Stein Ray would issue Five Star invoices for its legal work on the various matters, which would include its legal fees and any recoverable out of pocket costs for the preceding calendar month.

22. Five Star paid Stein Ray's invoices until the Fall of 2024.

23. Stein Ray sent Five Star invoices for its legal fees and reimbursable costs for the months ending November 30, 2024, December 31, 2024, January 31, 2025, February 28, 2025, March 31, 2025, April 30, 2025, and May 2025, on the various matters (i.e., invoices numbered 77532, 77571, 77601, 77639, 77676, 77720, 77677, 77721, 77533, 77572, 77600, 77640, 77534, 77573, 77602, 77641, 77678, 77722, 77679, 77723, 77751, 77752, and 77753 (collectively, the "Unpaid Invoices")). To date, Five Star has not paid any of the Unpaid Invoices, which total $715,674.12.

24. During that time and up until recently, lawyers from Stein Ray have reached out to Five Star to discuss payment of the Unpaid Invoices, either in whole or in part. Five Star, despite acknowledging receipt of those invoices and that Stein Ray performed the work reflected on those invoices, has refused to pay the Unpaid Invoices.

5

25. In a further attempt to obtain payment, Stein Ray has issued attorneys' charging liens in those litigation matters where Five Star has either obtained a money judgment or has sought a money judgment.

26. Faced with no other options to recover the large outstanding legal fees and costs Five Star owes, Stein Ray had no good option but to file this action.

## COUNT I
### Breach of Contract

27. Stein Ray incorporates by reference Paragraphs 1-26 of this Complaint as though set forth herein.

28. Stein Ray and Five Star entered into a valid contract.

29. Stein Ray performed all of its obligations and any conditions precedent under the parties' contract.

30. Five Star materially breached their obligations under the contract by failing to pay the Unpaid Invoices within thirty days of receipt thereof.

31. As a result of Five Star material breaches of the parties contract, Stein Ray has incurred damages of $715,674.12.

WHEREFORE, plaintiff Stein Ray LLP, hereby requests that this Court enter an order of judgment in its favor and against defendants Five Star Resort Owner, LLC, FSPV RES C, LLC, Five Star Development Resort Communities, LLC, Five Star Land Owner, LLC, RCPVAZ, LLC and F-Star Development LP providing the following relief:

(a) damages in an amount of $715,674.12;

(b) pre-judgment interest;

(c) costs and expenses relating to this proceeding; and

(d) such other and further relief as the Court deems just and proper.

## COUNT II
### Account Stated

32. In the alternative, without prejudice to Count I of its Complaint, Stein Ray incorporates by reference Paragraphs 1-26 of this Complaint as though set forth herein.

33. Stein Ray tendered the Unpaid Invoices to Five Star for legal services and disbursements incurred for Five Star and Five Star did not object to any of the Unpaid Invoices.

34. The Unpaid Invoices became due upon their receipt by Five Star.

35. Stein Ray has an account stated against Five Star in the amount of $715,674.12.

WHEREFORE, plaintiff Stein Ray LLP, hereby requests that this Court enter an order of judgment in its favor and against defendants Five Star Resort Owner, LLC, FSPV RES C, LLC, Five Star Development Resort Communities, LLC, Five Star Land Owner, LLC, RCPVAZ, LLC and F-Star Development LP providing the following relief:

(a) awarding the amount of $715,674.12;

(b) pre-judgment interest;

(c) costs and expenses relating to this proceeding; and

(d) such other and further relief as the Court deems just and proper.

Dated: June 18, 2025

        Respectfully submitted:
        STEIN RAY LLP
        By:

        */s/ Stephen E. Ray*
        One of its Attorneys

        Stephen E. Ray (ARDC #6181296)
        David Z. Smith (ARDC #6256687)

STEIN RAY LLP
222 West Adams Street, Suite 1800
Chicago, Illinois 60606
(312) 641-3700
Fax: (312) 641-3701
sray@steinraylaw.com
dsmith@steinraylaw.com